IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:25-CV-46-FL

| | | |
|---|---|---|
| RACHEL A. ROYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SYNEOS HEALTH, LLC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative to compel arbitration. (DE 8). The motion has been briefed fully, and in this posture the issues raised are ripe for ruling. For the following reasons, defendant's motion to dismiss is granted.[1]

### STATEMENT OF THE CASE

Plaintiff, proceeding pro se, initiated this action against her former employer January 31, 2025, asserting claims based upon failure to provide religious accommodation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e(a)(2) et seq. ("Title VII"), fraud, and violations of 45 C.F.R. § 46.116 as well as the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Plaintiff seeks declaratory relief, compensatory damages, and punitive damages, a remedy styled in the complaint as a separate claim for relief.

Defendant filed the instant motion to dismiss, relying on email correspondence with

---

[1] Where the court concludes the complaint fails to state a claim, the court does not reach that part of the instant motion seeking in the alternative to compel arbitration.

plaintiff, declaration by defendant's human resources director Jennifer Trucks, and certain documents filed in related matters, Sulander et al. v. Syneos Health, LLC, No. 5:23-CV-539-FL (E.D.N.C.) and Kneece v. Syneos Health US, Inc., d/b/a Syneos Health Commercial Services, LLC, No. 6:22-CV-02776-TMC-KFM (D.S.C.), including an arbitration agreement executed by plaintiff May 12, 2021 (the "arbitration agreement").  Plaintiff responded in opposition, relying on email correspondence between plaintiff and certain employees of defendant.  Defendant replied.

## STATEMENT OF FACTS

Though not a model of clarity, the facts alleged in the complaint may be summarized as follows.  Plaintiff began working for defendant as a "hematology clinical account specialist" June 1, 2021.  (Compl. 4).[2]  Her duties consisted of providing sales support services for one of defendant's client companies (the "client company").  (Id.).

Defendant announced September 2, 2021, that all employees would be required to take a COVID-19 vaccine, absent an exemption for medical reasons or sincere religious beliefs.  (Compl. Attach. (DE 1-1) at 1; see Email (DE 1-2)).  The client company for which plaintiff provided services did not require its employees to be vaccinated.  (Compl. Attach. (DE 1-1) at 2).  Plaintiff sought a religious exemption from defendant's vaccination requirement, which was granted October 6, 2021, "pending a hardship analysis to be conducted by [defendant] within 15 business days."  (Id. at 2).  The notice provided by defendant stated that defendant "may not be able to provide workplace accommodations to all employees who would otherwise qualify for an exemption."  (Email (DE 1-3) at 2).

Subsequently, defendant informed plaintiff on December 9, 2021, that continued

---

[2]     Unless otherwise specified, page numbers in citations to the record in this order refer to the page number designated in the court's case management and electronic case filing (CM/ECF) system, and not to page numbering, if any, specified on the face of the underlying document.

accommodations would impose an undue hardship on defendant. (Compl. Attach. (DE 1-1) at 2; see Letter (DE 1-4)). Defendant advised plaintiff that she must become vaccinated or find a position that did not require vaccination by the end of January 2022. (Compl. Attach. (DE 1-1) at 2; Letter (DE 1-4) at 1). When plaintiff remained unvaccinated, her employment was terminated January 31, 2022. (Compl. Attach. (DE 1-1) at 2). Defendant characterized plaintiff's termination as "voluntary" and denied plaintiff a quarterly bonus. (Id.).

Following termination, defendant amended plaintiff's post-employment file, "warning future employers and/or contractors that there may be a problem with [plaintiff]." (Compl. Attach. (DE 1-1) at 3).

Plaintiff filed charge of discrimination with the United States Equal Opportunity Employment Commission ("EEOC") February 9, 2022, and received notice of right to sue August 12, 2022. (Sulander Compl. (DE 9-4) ¶ 165).[3] Along with seven other former employees of defendant, plaintiff initiated suit against defendant in the United States District Court for the Western District of North Carolina under the caption Scott et al. v. Syneos Health, LLC, no. 5:22-CV-163-KDB (W.D.N.C.) (hereinafter, plaintiff's "prior action").[4] On March 28, 2023, in that prior action, plaintiff filed notice of voluntary dismissal without prejudice as to all claims asserted on her behalf in that matter. See Notice of Voluntary Dismissal, Sulander et al. v. Syneos Health, LLC, no. 5:23-CV-539-FL (DE 25).

---

[3] A court may, at the Rule 12(b)(6) stage, "consider a document submitted by the movant that was not attached to or expressly incorporated into a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." Goines v. Valley Cmty. Serv. Bd., 822 F.3d 159, 166 (4th Cir. 2016). The court also may take judicial notice of matters of public record. Goldfarb v. Mayor of Balt., 791 F.3d 500, 508 (4th Cir. 2015).

[4] The prior action subsequently was transferred to this district, consolidated with Sullivan v. Syneos Health, LLC, no 5:23-CV-540-FL (E.D.N.C.), and the claims of five out of seven of the original plaintiffs (not including the plaintiff in the instant case) are pending before the undersigned under the caption Sulander et al. v. Syneos Health, LLC, no 5:23-CV-539-FL (E.D.N.C.).

# COURT'S DISCUSSION

A.   Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, the "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).[5]

B.   Analysis

1.   Title VII (Count I)

Defendant asserts plaintiff's Title VII claim must be dismissed because it is time-barred. Title VII requires that aggrieved persons file a civil action within 90 days of receiving a right-to-sue letter from the United States Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C. § 2000e–5(f)(1). According to complaint filed in plaintiff's prior action, plaintiff received her right-to-sue letter August 12, 2022. (Sulander Compl. (DE 9-4) ¶ 165). Plaintiff does not contest this fact. Thus, plaintiff's January 31, 2025, Title VII claim is untimely because it was filed more than 90 days after plaintiff received a right-to-sue letter.

However, the 90-day period provided for in Title VII is subject to principles of equitable tolling along the lines of a statute of limitations. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89,

---

[5]   Throughout this order, internal citations and quotation marks are omitted from citations unless otherwise specified.

95-96 (1990). A district court must engage in a "case-by-case examination to determine if an equitable tolling of the filing period is appropriate." Harvey v. City of New Bern Police Dep't, 813 F.2d 652, 654 (4th Cir. 1987). Here, plaintiff argues the time limit should be tolled because she had no knowledge of an arbitration agreement until after such deadline had passed. The court is not persuaded.

"Equitable tolling is appropriate when, but only when, extraordinary circumstances beyond [a plaintiff's] control prevented [her] from complying with the statutory time limit." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). Although plaintiff claims that knowledge of the arbitration agreement was beyond her control, she does not provide any reasonable explanation for why such lack of knowledge prevented her from filing her claim in the instant matter within the 90-day limit. Therefore, equitable tolling is not appropriate in this instance.

The fact that the complaint in plaintiff's prior action was timely does not change the court's analysis. This is "consistent with the general rule that a Title VII complaint that has been filed but then dismissed without prejudice does not toll the 90-day limitations period." Angles v. Dollar Tree Stores, Inc., 494 Fed. App'x 326, 329 (4th Cir. 2012) (collecting cases).

In sum, because plaintiff's complaint in the instant matter was filed outside the 90-day limitations period and because such period was not tolled, her Title VII claim must be dismissed under Rule 12(b)(6).

2. Constitutional Claims (Counts II, IV, V)

Defendant asserts plaintiff's claims under the Fifth, Eighth, and Fourteenth Amendments must be dismissed for failure to state a claim because defendant is not a state actor. "Statutory and common law, rather than the Constitution, traditionally govern relationships between private parties." Holly v. Scott, 434 F.3d 287, 291 (4th Cir. 2006). However, "a private entity can qualify as a state actor," and therefore be constrained by the Constitution, "in a few limited circumstances,"

5

including "(i) when the private entity performs a traditional, exclusive public function, (ii) when the government compels the private entity to take a particular action, or (iii) when the government acts jointly with the private entity." Manhattan Cmty. Access Corp. v. Halleck, 587 U.S. 802, 804 (2019).

Where plaintiff does not allege any circumstance indicating defendant qualifies as a state actor, her constitutional claims necessarily fail.

3. Regulatory Claim (Count III)

Defendant argues plaintiff's regulatory claim fails as a matter of law because the regulatory provisions on which she relies do not create a private right of action. Federal regulation requires human trial participants give legal, effective, and informed consent before participating in a research project; this consent cannot be obtained through coercion or undue influence. 45 C.F.R. § 46.116. Federal law also authorizes the United States Secretary of Health and Human Services (the "Secretary") to introduce into interstate commerce medical products intended for use in an emergency and requires the Secretary to ensure recipients of such products are informed "of the option to accept or refuse administration of the product." 21 U.S.C. § 360bbb-3. Plaintiff alleges defendant violated these provisions by mandating vaccination of its employees.

"Private parties may not bring enforcement suits" under the Food, Drug, and Cosmetics Act of 1938, 21 U.S.C. §§ 301-399i, which includes the statutory section cited by plaintiff. POM Wonderful LLC v. Coca-Cola Co., 573 U.S. 102, 109 (2014). Additionally, the only authorities this court has found addressing the question indicate the same is true of 45 C.F.R. § 46.116. See, e.g., Elansari v. Univ. of Pa., 779 Fed. App'x 1006, 1008 (3rd Cir. 2019) ("[Section] 46.116 does not provide a private cause of action."). Plaintiff does not direct the court to any binding authority refuting these conclusions. Thus, count III of plaintiff's complaint must be dismissed for failure to state a claim.

3. Fraud (Count VI)

Defendant asserts plaintiff fails to state a claim for fraud.[6] In North Carolina, "the elements of actual fraud are '(1) [f]alse representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party.' " Anderson v. Sara Lee Corp., 508 F.3d 181, 189 (4th Cir. 2007) (quoting Forbis v. Neal, 361 N.C. 519, 526-27 (2007)). "Additionally, any reliance on the allegedly false representations must be reasonable." Id.

Under Rule 9(b), a party pleading fraud must state "with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Thus, a fraud plaintiff must plead the "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999); see also Terry v. Terry, 302 N.C. 77, 85 (1981). The court examines the alleged misrepresentations in turn.

First, plaintiff alleges defendant "made representations that accommodations would be made for sincere religious exemption" in a September 2, 2021, email. (Compl. Attach. (DE 1-1) at 1). However, this allegation is belied by documents attached to the complaint. The email plaintiff references states, "Employee Exemption & Accommodation Process: Employees seeking an exemption or accommodation to the vaccine requirement for medical reasons or sincerely held religious beliefs should fill out an exemption request form." (Email (DE 1-2) at 2). There is no statement in the email representing that all, or any, requests for religious exemption accommodation would be granted. Therefore, the court need not accept as true plaintiff's allegation that defendant promised accommodations. See Goines, 822 F.3d at 166 ("[I]n the event

---

[6] Where it concludes plaintiff has not stated a claim for fraud, the court does not reach defendant's argument that the claim has expired.

of conflict between the bare allegations of the complaint and any exhibit attached, the exhibit prevails.").

Although plaintiff further alleges that defendant made "promises to accommodate that were withdrawn," "lied about its intention to find accommodation," and made "false representations that accommodations would be made," (Compl. Attach. (DE 1-1) at 3), such general allegations do not comply with the heightened pleading requirements for claims of fraud. Where plaintiff does not specify the time, place, or speaker of such representations, her complaint does not satisfy Rule 9(b) as to defendant's alleged promises to accommodate.

Plaintiff next alleges defendant represented that plaintiff's "request for a religious exemption was granted, pending a 'hardship' analysis to be conducted by [defendant] within 15 business days." (Compl. Attach. (DE 1-1) at 2). Although she also alleges that "[n]o hardship analysis was conducted within 15 days," there is no indication in the complaint that plaintiff relied on the 15-day window or that she was damaged thereby. Id. Thus, plaintiff fails to allege facts permitting an inference of reliance, thus precluding that part of her claim for fraud premised upon the timing of a hardship analysis.

Finally, plaintiff alleges defendant falsely represented "that it would be a hardship for [defendant] to accommodate Plaintiff's religious beliefs." (Compl. Attach. (DE 1-1) at 2). According to plaintiff, such representation of hardship was fraudulent because plaintiff could perform all duties of her job while remaining unvaccinated with no added cost to defendant. However, plaintiff's further allegations indicate that she never believed defendant's representation of hardship to be true. Plaintiff attaches to her complaint an email to defendant's human resources director, wherein plaintiff clarifies her understanding that the client company did not require her to be vaccinated and that vaccination status should not be seen "as a barrier to doing [her] job in the field and in interactions with customers." (Email (DE 1-5) at 1). Thus, plaintiff does not

8

plausibly allege that she relied upon the alleged misrepresentation or was "in fact deceive[d]." See Anderson, 508 F.3d at 189.

Additionally and in the alternative, plaintiff does not plausibly allege that she was damaged by defendant's representation of hardship. Although plaintiff argues she "was damaged by the deception and fraud . . . when [defendant] fired her on January 31, 2022," (Resp. at 7), there is no indication in the complaint or elsewhere in the record that plaintiff was fired because of her reliance on defendant's representation of hardship. Rather, she continued to challenge defendant's hardship conclusion and ultimately was terminated for failure to comply with defendant's vaccination policy. (See Compl. Attach. (DE 1-1) at 2).

In sum, plaintiff fails to state a claim which meets the heightened pleading requirements of Rule 9(b). Therefore, her fraud claim must be dismissed.

4. Punitive Damages (Count VII)

In North Carolina, "no freestanding claim exists for punitive damages." Sykes v. Health Network Solutions, Inc., 372 N.C. 326, 329 (2019). Therefore, where plaintiff has no remaining claim to which it might attach, her claim for punitive damages must fail. See id.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss (DE 8) is GRANTED, and plaintiff's claims are DISMISSED for failure to state a claim upon which relief can be granted. The clerk is DIRECTED to close this case.

SO ORDERED, this the 12th day of August, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge